**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02951-SKC-MDB

ISAAC S. FERREIRA,

*Pro Se* Plaintiff,

v.

CROWN ASSET MANAGEMENT, LLC, and
FREDERIC I. WEINBERG & ASSOCIATES, P.C.,

Defendants.

---

## ~~PARTIES' PROPOSED~~ SCHEDULING ORDER

---

## 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

On September 9, 2026, the parties conducted their conference pursuant to Fed. R. Civ. P. 26(f) via Microsoft Teams. Participating in the conference were *Pro Se* Plaintiff Isaac S. Ferreira ("*Pro Se* Plaintiff"); Justin H. Homes, Esq., counsel for Defendant Crown Asset Management, LLC ("Defendant Crown"); and Kevin T. Crocker, Esq., counsel for Defendant The Law Offices of Frederic I. Weinberg & Associates, P.C. ("The Law Firm Defendant").

## 2. STATEMENT OF JURISDICTION

***Pro Se* Plaintiff's Position:** This Court has subject-matter jurisdiction over the federal claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in El Paso County, Colorado, and under 28 U.S.C. § 1441(a) as the district embracing the place where the removed action was pending. Plaintiff has alleged concrete injury sufficient to support standing, including out-of-pocket expenses incurred in responding to the collection action and garden-variety emotional distress, and Congress created a private right of action under 15 U.S.C. § 1692k for the conduct alleged. Plaintiff notes that Defendants' denial of injury is a merits contention that does not affect the Court's jurisdiction.

**Defendants' Position:** Defendants do not contest the Court's present subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), or the Court's supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims. Defendants deny, however, that *Pro Se* Plaintiff has suffered any legally cognizable injury or damages as a result of any act or omission of Defendants and

otherwise preserves the defenses and positions asserted in its Answer.

## 3. STATEMENT OF CLAIMS AND DEFENSES

***Pro Se* Plaintiff's Statement:** Defendant Crown Asset Management, LLC is a debt buyer and a licensed Colorado collection agency, License No. CAR-1000239. Defendant The Law Offices of Frederic I. Weinberg & Associates, P.C. is a debt collector that acted as Crown's counsel. In April 2026 Defendants filed and prosecuted a collection action against Plaintiff in El Paso County Court seeking $4,405.24 on a charged-off Comenity Capital Bank account.

a. **Count I (15 U.S.C. § 1692e, against both Defendants).** Defendants represented in the County Court complaint that Crown owns an enforceable debt against Plaintiff and that Exhibit A supplied the chain of title from the original creditor. The documents filed do not support those representations. The Bill of Sale conveys only the seller's undefined interest and disclaims any warranty of title or enforceability; Schedule 1 identifies no account and refers to electronic files never produced; the Credit Card Account Purchase Agreement dated May 1, 2018 referenced on the face of the Bill of Sale was never attached; the cardholder agreement bears no name, signature, or account number; and the attached statements record no purchase transaction, payment, or balance transfer. The complaint also alleged that it attached "the last payment statement" and that the last payment was made April 18, 2024, though neither attached statement records that payment. Plaintiff further alleges misrepresentations concerning the character, amount, and legal status of the debt, and the failure to disclose required information in Defendants' communications.
b. Plaintiff further alleges that Defendants proceeded under Colo. Rev. Stat. § 5-16-111(2)(a)(III), which by its terms is available only "[i]f a signed writing evidencing the original debt does not exist," without ever establishing that predicate. Plaintiff has attested under oath that he signed an electronic application when the account was opened, and that attestation is unrebutted. The cardholder agreement Crown filed and relies upon provides, under the heading "Acceptance," that "Your signature on any application or solicitation for this Account or other evidence of indebtedness on your Account is your signature on this Agreement." Crown has never asserted that no signed writing exists. It stated instead, in its County Court briefing, that whether a signed application exists is a "fact-intensive issue" to be "explored during discovery, summary judgment and/or trial."
c. Plaintiff alleges that Defendants either made no inquiry into whether a signed writing exists before invoking a provision conditioned on its nonexistence, or made that inquiry and proceeded notwithstanding what it disclosed. Plaintiff alleges the former on information and belief and will develop the question in discovery. Either way, Defendants represented to Plaintiff, and to the El Paso County Court, that the Complaint complied with § 5-16-111(2) when they had not determined whether the subsection they invoked was available to them. The representation was made to Plaintiff in a communication in connection with the collection of a debt, and to the Court in a filing on which Plaintiff was required to respond.
d. Crown's positions are also internally inconsistent in a way that bears on the representation. In its Response to Plaintiff's Motion to Compel, Crown stated that

"Plaintiff's Complaint complies with § 5-16-111(2)." In its Response to Plaintiff's Motion to Dismiss, filed the same day, Crown requested leave to amend in the alternative and stated that "any alleged defects can be cured through clarification or supplementation." A complaint that complies requires no amendment, and a complaint requiring amendment did not comply. Crown asserted both positions on June 22, 2026 in briefs signed by the same counsel.

e. **Count II (15 U.S.C. § 1692f, against both Defendants).** Plaintiff alleges that filing and prosecuting a collection action on documents that do not establish ownership or the consumer's agreement, and continuing collection after written dispute without providing verification, constituted unfair or unconscionable means of collecting a debt.
f. **Count III (Colo. Rev. Stat. § 6-1-105, against Crown).** Plaintiff alleges Crown engaged in deceptive trade practices in the course of its business arising from its standardized practice of filing collection actions on documentation that does not satisfy Colo. Rev. Stat. § 5-16-111(2), including the practice described in Count I of invoking subsection (2)(a)(III) without establishing the predicate that provision requires. Plaintiff alleges he is an actual consumer of Crown's services or property, and pleads in the alternative that § 6-1-113(1) affords a remedy to any person injured. *Hall v. Walter*, 969 P.2d 224 (Colo. 1998).
g. The requirement Crown did not satisfy exists because of the conduct Plaintiff alleges. Subsections (2), (3), and (4) of § 5-16-111 were added by Senate Bill 17-216, an act concerning continuation of the regulation of collection agencies and, in connection therewith, implementing the recommendations of the 2016 sunset review of the Colorado Fair Debt Collection Practices Act conducted by the Department of Regulatory Agencies. That review identified the central problems in debt buying as the harassment of consumers and the lack of documentation of the debt, and found that as accounts are bundled and resold, less documentation concerning the original transaction and the original creditor survives each successive sale. The attachment requirement took effect January 1, 2018 and was enacted to address that documentary failure at the point of filing.
h. Plaintiff alleges the deception operates as follows. Section 5-16-111(2) requires a debt buyer to attach both a writing evidencing the consumer's agreement to the original debt and the documents establishing ownership. Crown filed instead what subsection (3) requires before entry of a default judgment — identification of the consumer, the balance, and charge-off details — while omitting what subsection (2) requires at filing. That combination produces a complaint sufficient in appearance to obtain a default judgment but deficient in substance under the provision that governs at filing. Because the overwhelming majority of collection defendants do not appear, the deficiency is never tested, and judgment enters on a filing the statute deems insufficient. Plaintiff alleges this practice is standardized, that it is applied to Colorado consumers generally, and that its effect falls on consumers least able to identify or contest it. Plaintiff further alleges that the practice deceives both the consumer served and the court asked to enter judgment.
i. Plaintiff notes for scheduling purposes that public impact is an element of this claim, requiring proof that the challenged practice significantly impacts the public as actual or potential consumers of Crown's services or property. Proof of that element necessarily concerns Crown's conduct as to Colorado consumers other than Plaintiff,

and Plaintiff anticipates that discovery relevant to it will extend to Crown's filing practices, the documentation it receives in bulk account purchases, its procedures for preparing collection filings, and the dispositions of the collection actions it has filed in Colorado.

j. Ancillary relief (against Crown). Plaintiff seeks a certified accounting of the alleged obligation.

k. Plaintiff pleads Colo. Rev. Stat. § 5-16-111 as predicate fact and asserts no independent cause of action under Colo. Rev. Stat. § 5-16-113 in this Court. Plaintiff's First Amended Complaint expressly reserves, at paragraphs 57 through 59, claims not presently asserted, including the right to seek leave to amend under Fed. R. Civ. P. 15 and Fed. R. Civ. P. 23.

l. Plaintiff's claims do not depend on whether a deficient filing may later be corrected. Plaintiff's claims arise from representations made at the time of filing. Section 5-16-111(2) directs that the specified materials "shall be attached to the complaint or form," and the Colorado Supreme Court has stated that its compliance analysis is "limited to the documents that were attached to [the] initial complaint." *Wright v. Portfolio Recovery Associates, LLC*, 2026 CO 36, ¶ 18 n.2. Whether a plaintiff might later supplement does not alter what was represented when the complaint was filed, and does not bear on whether that representation was false or misleading under 15 U.S.C. § 1692e. To the extent Defendants contend otherwise, Plaintiff disputes it.

m. Plaintiff's response to Defendants' defenses. Plaintiff disputes that the documents filed with the collection complaint satisfied Colo. Rev. Stat. § 5-16-111(2), and relies on *Wright*. Plaintiff disputes that the bona fide error defense is available, as neither Defendant has identified any procedure maintained to determine which subsection of § 5-16-111(2)(a) applies, and a debt collector's mistaken interpretation of the legal requirements of the FDCPA does not support the defense. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). Plaintiff disputes that Crown may invoke any arbitration provision or class-action waiver. Crown has not established that it acquired the agreement in which those provisions appear. Independently, Crown elected a judicial forum by filing and prosecuting the underlying collection action in El Paso County Court, has litigated that action through briefing and rulings, continues to litigate it, and removed this action to this Court and answered rather than moving to compel arbitration. Under *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), a court may not condition a finding of waiver on a showing of prejudice, and Plaintiff contends Crown's conduct is inconsistent with any right to arbitrate. Plaintiff disputes that he has suffered no cognizable injury. Plaintiff further disputes that compliance with Colo. Rev. Stat. § 5-16-111(2) can be achieved by supplementation after filing.

n. Plaintiff notes that the September 2, 2026 orders were interlocutory rulings denying Plaintiff's motions in an action that remains pending. No final judgment has entered. Plaintiff has moved for reconsideration. Those orders do not address Wright v. Portfolio Recovery Associates, LLC, 2026 CO 36, do not identify which subsection of C.R.S. § 5-16-111(2)(a) they find satisfied or by which attached document, and recite the pleading standard of Coors Brewing Co. v. Floyd rather than that of Warne v. Hall, 2016 CO 50. The orders denied Plaintiff's motions in the collection action and did not

adjudicate any claim asserted in this action. They are not dispositive of any claim or issue before this Court.

**Defendants' Statement:** Defendants deny any violation of the FDCPA, CFDCPA, or any other applicable law in connection with the underlying collection action. Defendants contend – and as the County Court of El Paso County, Colorado, explicitly held in the underlying collection action on September 2, 2026 – Crown's state court collection complaint "complies with C.R.S. 5-16-111(2)." Regardless of the fact that the Colorado state court has already rejected Plaintiff's fundamental contentions in this case, Defendants further contend neither C.R.S. § 5-16-111 nor *Wright v. Portfolio Recovery Associates, LLC*, 2026 CO 36 establishes that any alleged deficiency in documents accompanying a collection complaint is incapable of being corrected, supplemented, or otherwise addressed through amendment under otherwise applicable procedural rules. Defendants also deny that any alleged violation of the CFDCPA automatically establishes liability under the FDCPA, denies they made any false, deceptive, misleading, unfair, or unconscionable representations or employed any prohibited means of debt collection, and deny that Plaintiff suffered any legally cognizable injury or damages as a result of any act or omission of the Defendants. Defendants further rely upon the affirmative and other defenses set forth in their Answers, including, to the extent applicable, bona fide error, reasonable reliance on information and records provided by its client and others, failure to mitigate, and defenses arising from further proceedings in the underlying collection action.

## 4. UNDISPUTED FACTS

The Parties have considered but are not able to stipulate to any facts at this time. The Parties will reconsider any potential fact stipulations at the appropriate time, as the case progresses.

## 5. COMPUTATION OF DAMAGES

**Pro Se Plaintiff:**

1. Statutory damages under the FDCPA. Up to $1,000 per action under 15 U.S.C. § 1692k(a)(2)(A), the amount to be determined by the factfinder considering the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).
2. Actual damages. Documented out-of-pocket expenses presently estimated at approximately $1,000, subject to supplementation, and garden-variety emotional distress in an amount to be determined by the jury. Plaintiff does not claim damages for any diagnosable psychological condition, has not sought treatment for emotional distress, will not offer expert testimony on that subject, and does not place his medical history in controversy.
3. Damages under the Colorado Consumer Protection Act. Under Colo. Rev. Stat. § 6-1-113(2)(a), the greater of the amount of actual damages sustained together with prejudgment interest, $500, or three times the amount of actual damages sustained upon a finding that the violation was committed in bad faith. Plaintiff's actual damages include garden-variety emotional distress in an amount to be determined by the jury, and the trebling provision operates on that award. Plaintiff therefore cannot state a

fixed figure for this element; it is a function of the jury's determination of actual damages and its finding on bad faith.

4. Costs. Under 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 13-16-101.
5. Attorney fees. Under 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 6-1-113(2)(b), in the event Plaintiff is represented by counsel. Plaintiff reserves this element and does not waive it by appearing pro se at this stage.
6. Reserved claims and associated relief. Plaintiff's First Amended Complaint reserves at paragraphs 57 through 59 claims not presently asserted, including abuse of process, fraud, and civil conspiracy; malicious prosecution, which has not accrued because the County Court Action has not terminated; and the right to seek leave to amend under Fed. R. Civ. P. 15 and Fed. R. Civ. P. 23. Plaintiff states no computation for relief associated with those reserved claims, as none is presently asserted, and reserves the right to supplement this computation should any be brought.
7. Supplementation. Plaintiff will produce documentation of out-of-pocket expenses with his Rule 26(a)(1) disclosures and will supplement this computation as discovery proceeds.
8. Plaintiff notes that his damages are not limited to the categories Defendants identify. Plaintiff seeks statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which require no showing of actual damages, and garden-variety emotional distress, which is recoverable as actual damages under the FDCPA on a plaintiff's own testimony. Plaintiff does not claim the value of his own litigation time as an element of damages. Plaintiff does claim documented out-of-pocket expenses, which are recoverable as costs under 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 13-16-101 regardless of the characterization Defendants advance.
9. As to the reservation of fees under 15 U.S.C. § 1692k(a)(3), that provision applies only on a finding that an action was brought in bad faith and for the purpose of harassment. Plaintiff's claims rest on documents filed by Defendants in the County Court Action and on a decision of the Colorado Supreme Court construing the statute at issue, and Plaintiff has at all times litigated in good faith.

**Defendants:** Defendants are not presently asserting any counterclaim or seeking an award of compensatory or other affirmative damages against *Pro Se* Plaintiff. Defendants deny, however, that *Pro Se* Plaintiff has suffered any actual, concrete, legally cognizable, or compensable injury or damages as a result of any act or omission of the Defendants, and further deny that the litigation-related time, expenses, research, public-record requests, or other amounts claimed by *Pro Se* Plaintiff constitute recoverable damages attributable to either Defendant. Defendants expressly reserve their rights to seek recovery of their reasonable attorneys' fees and costs if the Court determines this action was brought or maintained in bad faith and for the purpose of harassment, pursuant to 15 U.S.C. § 1692k(a)(3), as well as any fees, costs, sanctions, or other relief that may become appropriate under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 to the extent applicable, the Court's inherent authority, or any other applicable law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on September 9, 2026.

**b. Names of each participant and party he/she represented.**

Isaac Ferreira – *Pro Se* Plaintiff

Justin H. Homes, Esq. – attorney for Defendant Crown

Kevin T. Crocker, Esq. – attorney for The Law Firm Defendant

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties have agreed to exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) on or before September 25, 2026.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties do not propose any changes to the requirements of Fed. R. Civ. P. 26(a)(1), other than as to the timing of the disclosures. As indicated in c. (above), the parties propose to exchange their Rule 26(a)(1) disclosures on or before September 25, 2026.

**e. Statement concerning any agreements to conduct informal discovery.**

The parties have not entered into any agreements to conduct informal discovery at this time. The parties propose that discovery proceed in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order entered in this action. The parties may, by mutual agreement, utilize informal means of exchanging information or documents where appropriate and efficient as the case progresses.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have not entered into any agreements or adopted any special procedures to reduce discovery or other litigation costs at this time. The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order entered in this action. The parties may confer and agree upon reasonable procedures to reduce discovery or other litigation costs as appropriate during the course of the litigation.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

No discovery has taken place and, consequently, the Parties are not fully informed at present regarding the full scope, nature, origins, original native formats, and custodians of all documents likely to be exchanged in discovery. Nevertheless, on current information and belief, plaintiff anticipates a meaningful portion of relevant discovery could involve electronically stored information (ESI). Conversely, Defendants do not anticipate that *Pro Se* Plaintiff's claims or Defendants' defenses will involve extensive ESI, or that a substantial amount of discovery directed to Defendants will involve ESI. For present purposes, the Parties do not believe a comprehensive ESI protocol is warranted at this time. Rather, the Parties agree they may produce responsive documents in .PDF format where reasonably practicable. To the extent any Party thereafter believes production of a produced .PDF document in its native electronic form is necessary, the Party may so request in written discovery. Any objections or disputes relating to such discovery will be addressed under the Federal Rules of Civil Procedure and the Local Rules of the Court. The Parties reserve the right to request ESI pertaining to any documents produced; and they further agree all objections to any particular request for ESI are preserved, including objections based upon relevance, proportionality, burden, privilege, work-product protection, confidentiality, and possession, custody, or control. Nothing herein prevents the Parties from seeking the Court's approval of an ESI protocol at a later date if it appears an ESI protocol is warranted.

~~**Pro Se Plaintiff's Additional Position:**~~ **It is further Ordered:** Where a party requests that a document produced in .PDF be produced in its native electronic form with metadata intact, the producing party shall produce it in that form unless it states a specific objection. Any dispute concerning native production shall be resolved by the Court. Pending resolution, the producing party shall preserve the native file and its metadata.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

***Pro Se* Plaintiff's Position:** The parties have discussed early resolution. Plaintiff served a global settlement demand addressed to both Defendants on August 4, 2026, which by its terms expired August 18, 2026 without response from either Defendant. Following that expiration, counsel for The Law Firm Defendant initiated separate discussions and requested a stand-alone demand. Plaintiff responded, The Law Firm Defendant made an offer, and Plaintiff responded with a counterproposal that identified the components of a resolution and their respective values. No agreement has been reached. In Plaintiff's view, the offer made by The Law Firm Defendant was not a reasonable basis for resolution in light of the claims asserted, the scope of the release requested, and the cost of continued litigation. Defendant Crown has not made a settlement proposal at any point. Plaintiff remains willing to engage in good-faith settlement discussions with either or both Defendants and believes a settlement conference before the Magistrate Judge may be productive after the exchange of Rule 26(a)(1) disclosures and initial written discovery.

**<u>Defendants' Position</u>:** The parties have discussed the possibility of an early resolution of this litigation. *Pro Se* Plaintiff has communicated a global settlement demand directed to both Defendants and has also communicated a separate individual settlement demand directed solely to the Law Firm Defendant. The Law Firm Defendant also made a settlement offer in response to the *Pro Se* Plaintiff's individual settlement demand in an effort to resolve *Pro Se* Plaintiff's claims against it. The parties were unable to reach an agreement. In Defendants' view, *Pro Se* Plaintiff's settlement demands have been unreasonable in light of the claims asserted, Defendants' defenses, the Orders rendered in the underlying County Court Action and, in particular, its findings that the underlying collection Complaint complied with C.R.S. 5-16-111(2), and the nature and extent of the alleged damages sustained. Nevertheless, Defendants remain willing to consider reasonable settlement proposals and to engage in further good-faith settlement discussions if circumstances warrant.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**The presumptive limitations apply to all discovery.**

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~***<u>Pro Se</u>* <u>Plaintiff's Position</u>:** Plaintiff does not propose any modification to the presumptive limitations on the number of depositions or interrogatories established by the Federal Rules of Civil Procedure. Plaintiff reserves the right to seek leave for additional discovery should it prove necessary and proportionate.~~

~~**<u>Defendants' Position</u>:** Defendants do not propose any modification to the presumptive limitations on the number of depositions or interrogatories established by the Federal Rules of Civil Procedure.~~

**b. Limitations which any party proposes on the length of depositions.**

~~***<u>Pro Se</u>* <u>Plaintiff's Position</u>:** Plaintiff does not propose any limitation on the length of depositions beyond that provided by Fed. R. Civ. P. 30(d)(1).~~

~~**<u>Defendants' Position</u>:** Defendants do not propose any modification to the presumptive limitation on the duration of depositions established by Fed. R. Civ. P. 30(d)(1).~~

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

~~***<u>Pro Se</u>* <u>Plaintiff's Position</u>:** Plaintiff does not propose any numerical limitation on requests for production or requests for admission beyond those imposed by the Federal Rules of Civil Procedure and this Court's Local Rules. The claims in this action turn substantially on documents rather than testimony, and Plaintiff anticipates that requests for production will be the primary discovery vehicle.~~

~~Plaintiff notes that the documents and knowledge material to this action are held both by Defendants and by non-parties in the chain of title. Records concerning the origination of the account, whether a signed writing evidencing the original debt exists, the contents of the electronic sale files referenced in Schedule 1 to the Bill of Sale, the terms of the Credit Card Account Purchase Agreement, and the accounting treatment of the account upon charge-off are held in whole or in part by Comenity Capital Bank and by any other entity that held or acquired an interest in the receivable. Plaintiff anticipates that discovery from those non-parties will proceed by subpoena under Fed. R. Civ. P. 45, and requests that the Scheduling Order allow sufficient time for third-party discovery, including any motion practice it may require, before the close of discovery. All discovery remains subject to the scope and proportionality requirements of Fed. R. Civ. P. 26(b).~~

~~**Defendants' Position**: Defendants do not presently propose any numerical limitation on requests for production or requests for admission beyond any limitations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Scheduling Order. All such discovery remains subject to the scope and proportionality requirements of Fed. R. Civ. P. 26(b). Defendants reserve the right to seek an appropriate protective order or other relief from the Court if the number, scope, burden, or cumulative nature of any requests for production or requests for admission becomes unreasonable or disproportionate to the needs of the case.~~

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: July 17, 2027**

~~***Pro Se* Plaintiff's Position**: Plaintiff proposes that written discovery be served no later than forty-five (45) days before the discovery cutoff, so that responses are due before the close of discovery.~~

~~**Defendants' Position**: Defendants will serve written interrogatories, requests for production of documents, and requests for admission sufficiently in advance of the proposed July 16, 2027 discovery cutoff so that responses to such discovery are due on or before the discovery cutoff, as calculated under the Federal Rules of Civil Procedure.~~

**e. Other Planning or Discovery Orders:**

If the parties seek a protective order from the Court, they shall request it by joint motion attaching a proposed order. Defendant shall propose a draft protective order to Plaintiff who will propose edits/additions, as necessary. The parties shall confer on the same, and where they cannot agree, Plaintiff's competing language for any disputed provision shall be in the margins (comments). Any motion for a protective order must be filed no later than **November 2, 2026**.

~~***Pro Se* Plaintiff's Position**: Plaintiff proposes that the parties confer on and submit for the Court's approval (1) a stipulated protective order under Fed. R. Civ. P. 26(c) governing confidential and personally identifiable information, including a restricted tier for records containing information concerning consumers other than Plaintiff, and provisions governing use, storage, return, and destruction; and (2) an order under Fed. R. Evid. 502(d) providing that disclosure of privileged or work-product material does not effect a waiver in this or any other proceeding. Plaintiff further proposes that the parties agree on production format before any substantial production, consistent with his position~~

stated at Section 6(g), and that any dispute over withholding or redaction be submitted for in camera review rather than resolved by unilateral redaction. Plaintiff does not presently propose phased or bifurcated discovery. Finally, Plaintiff proposes that any discovery dispute be raised with the Court by joint contact before any motion is filed, if the Court prefers that procedure, and requests that the Scheduling Order specify the Court's practice in that regard. Plaintiff will comply with the conferral requirement of D.C.COLO.LCivR 7.1(a) in any event.

**Defendants' Position:** Defendants anticipate that discovery may involve confidential, proprietary, or otherwise sensitive information and, accordingly, expects that the Defendants may seek entry of an appropriate protective order governing the designation, use, disclosure, and filing of confidential information produced in discovery. Defendants propose that the parties first confer in good faith in an effort to negotiate and submit a mutually agreeable protective and confidentiality order for the Court's approval. If the parties are unable to agree upon the terms of such an order, the Defendants reserve their rights to seek entry of an appropriate protective order from the Court. Defendants do not propose any other planning or discovery orders at this time.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings: December 16, 2026**

***Pro Se* Plaintiff's Position:** Plaintiff proposes February 26, 2027. The date proposed by The Defendants, October 30, 2026, falls five weeks after the exchange of Rule 26(a)(1) disclosures and approximately nine months before the proposed discovery cutoff. A party cannot reasonably evaluate whether amendment or joinder is warranted before disclosures have been exchanged and at least one round of written discovery has been completed. Plaintiff's proposed date leaves nearly five months before the discovery cutoff and nearly six before the dispositive motion deadline, and does not affect any other date in the proposed schedule.

**Defendants' Position:** October 30, 2026

b. **Discovery Cutoff:**

July 16, 2027

c. **Dispositive Motion Deadline:**

August 20, 2027 **No later than ten (10) days after the close of discovery, a party intending to file a motion for summary judgment must meaningfully confer with the opposing party and jointly email Crews_Chambers@cod.uscourts.gov to set a pre-motion Status Conference with the Court. If no party seeks to file a motion for summary judgment, Counsel shall email chambers to obtain a date for Final Pretrial Conference.**

d. **Expert Witness Disclosure:**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

Affirmative expert disclosures: April 12, 2027

Rebuttal expert disclosures: May 12, 2027

**2. Limitations which the parties propose on the use or number of expert witnesses.** **One (1)retained expert per party. Defendants shall coordinate to ensure their experts, if any, are not duplicative.**

~~***Pro Se* Plaintiff's Position**: Plaintiff does not presently propose any limitation on the use or number of expert witnesses beyond those imposed by the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff does not presently anticipate offering expert testimony but reserves the right to do so within the deadlines set by the Scheduling Order.~~

~~**Defendants' Position:** Defendants do not presently propose any limitations on the use or number of expert witnesses other than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order. Defendants reserve the right to seek appropriate limitations or other relief should the number, scope, or proposed testimony of any expert witnesses become cumulative, duplicative, disproportionate to the needs of the case, or otherwise improper under applicable law.~~

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2)** on or before April 12, 2027.

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2)** on or before May 12, 2027.

**e. Identification of Persons to Be Deposed:**

***Pro Se* Plaintiff's Position**:

1. The officer of Crown Asset Management, LLC who personally executed the Bill of Sale dated February 12, 2025, identified thereon as Chief Financial Officer, concerning what Crown acquired, what documentation Crown received, and the basis on which that instrument was executed.
2. The officer of Comenity Capital Bank who personally executed the Bill of Sale dated February 12, 2025, identified thereon as Chief Credit Officer, concerning what was conveyed, what was delivered, and the disclaimer of any warranty of title or enforceability.
3. The most senior officer of Crown Asset Management, LLC responsible for compliance with the Fair Debt Collection Practices Act and the Colorado Fair Debt Collection Practices Act, concerning the procedures Crown asserts it maintains in support of its bona fide error defense.
4. The most senior officer of The Law Offices of Frederic I. Weinberg & Associates, P.C. responsible for compliance with the Fair Debt Collection Practices Act and applicable state collection statutes, concerning the procedures that Defendant asserts it maintains in support of its bona fide error defense.
5. The most senior officer of Comenity Capital Bank responsible for accounting for charged-off receivables, concerning the general-ledger treatment of the subject account, its charge-off, and any post-charge-off recovery accounting.
6. One or more employees of either Defendant with personal knowledge of the tasks at

issue, including the preparation and assembly of documents filed with collection complaints, the redaction of asset schedules and data extracts, the selection of documents attached to a given complaint, the issuance of consumer notices, and the handling of consumer disputes and verification requests. Plaintiff cannot presently identify these individuals by name and anticipates identifying them through disclosures, written discovery, and testimony under Fed. R. Civ. P. 30(b)(6).

Organizational witnesses, to be noticed or subpoenaed under Fed. R. Civ. P. 30(b)(6):

7. A corporate representative of Defendant Crown Asset Management, LLC.
8. A corporate representative of The Law Offices of Frederic I. Weinberg & Associates, P.C.
9. A custodian of records or other qualified witness of Comenity Capital Bank concerning the origination, maintenance, documentation, and transfer of the subject account.
10. A representative of any other entity identified in discovery as having held or acquired an interest in the subject account or the underlying receivable at any time.

Plaintiff anticipates that the Rule 30(b)(6) depositions will address, among other subjects: the procedures by which Defendants determine which subsection of Colo. Rev. Stat. § 5-16-111(2)(a) applies to a given account and which documents are attached to a collection complaint; the preparation, assembly, and redaction of documents filed with collection complaints, including asset schedules and data extracts; the negotiation and performance of agreements under which Crown acquires consumer accounts, and what account-level documentation the seller is obligated to deliver; the contents of the electronic sale files referenced in Schedule 1 to the Bill of Sale; Crown's communications to consumers, including notices issued under the Gramm-Leach-Bliley Act; Defendants' policies, training, and compliance procedures concerning Colo. Rev. Stat. § 5-16-111 and the Fair Debt Collection Practices Act, which each Defendant has placed at issue by asserting a bona fide error defense; the accounting treatment of charged-off receivables; and the response to consumer disputes and requests for verification.

Plaintiff notes that items 1 and 2 concern individuals who personally executed the instrument on which Plaintiff's claims turn, and that items 3 and 4 concern the procedures each Defendant has affirmatively placed at issue by pleading a bona fide error defense. Because public impact is an element of Plaintiff's claim under the Colorado Consumer Protection Act, Plaintiff anticipates that testimony on the subjects above will concern Defendants' practices generally and not solely the subject account.

**<u>Defendants' Position</u>:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| *Pro Se* Plaintiff | Up to 7 hours, as allowed by the Rules |
| Corporate Representative of Defendant Crown | Up to 7 hours, as allowed by the Rules |
| Corporate Representative of The Law Firm Defendant | Up to 7 hours, as allowed by the Rules |

The foregoing identification of anticipated deponents is preliminary and based upon the information presently available. Defendants reserve the right to depose additional persons identified in the parties' Rule 26(a)(1) disclosures, discovery responses, or otherwise during discovery as having knowledge of facts relevant to the claims or defenses in this action, subject to the limitations and requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order.

## 10. DATES FOR FURTHER CONFERENCES

~~**a. Status conferences will be held at the following dates and times:**~~

~~________________, 20___at ___o'clock _____m.~~

~~**b. A final pretrial conference will be held at the following date and time:**~~

~~________________, 20___at ___o'clock _____m.~~

~~A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference~~.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The parties were unable to reach agreement on the deadline for joinder of parties and amendment of pleadings. The parties' respective positions are set forth at Sections 9(a).

**b. Anticipated length of trial and whether trial is to the court or jury.**

***Pro Se* Plaintiff's Position**: Plaintiff anticipates that trial will require approximately four (4) to five (5) days. Plaintiff has demanded a jury trial on all claims and issues triable to a jury.

**Defendants Position:** Defendants presently anticipate that trial will require approximately three (3) to four (4) days. *Pro Se* Plaintiff has demanded a jury trial.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

***Pro Se* Plaintiff's Position**: Plaintiff resides in Colorado Springs and appears *pro se*. Plaintiff respectfully suggests that any in-person pretrial proceedings, including any settlement conference, may be more efficiently and economically conducted at the District Court's Colorado Springs facility at 212 N. Wahsatch Street. Plaintiff has no objection to

proceedings being conducted by video or telephone where the Court prefers.

**Defendants' Position:** Defendants do not presently identify any pretrial proceedings that they believe would be more efficiently or economically conducted at any of the alternative District Court facilities identified above. In addition, the undersigned counsel for the Law Firm Defendants resides and maintains his office in the Denver metro area.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel and unrepresented parties will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause. Any motions requesting deadline extensions must contain sufficient information for the Court to conclude the parties have been diligent in discovery.

DATED this 2nd day of October, 2026.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED AS SUBMITTED ON September 10, 2026:

*/s/ Isaac S. Ferreira*
Isaac S. Ferreira
Chief Petty Officer, USN (Hon. Disch.), Disabled Veteran
6050 Stetson Hills Blvd., Ste. 141
Colorado Springs, CO 80923
Telephone: (302) 249-5019
Email: isaac.steven.ferreira@gmail.com
***Pro Se Plaintiff***

/s/ Kevin T. Crocker
Kevin T. Crocker, Esq. (CO Reg. 55387)
Barron & Newburger, P.C.
10901 W. Toller Dr., Ste. 350
Littleton, CO 80127
(512) 649-2417 [Direct]
(512) 279-0310 [Fax]
Email: Kcrocker@bn-lawyers.com
***Attorneys for The Law Firm Defendant***

*/s/ Justin H. Homes*
Justin H. Homes, Esq.
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Ste. 2800
Metarie, LA 7002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: jhomes@sessions.legal
***Attorney for Defendant***
***Crown Asset Management, LLC***