**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 26-cv-02951-SKC-MDB**

ISAAC S. FERREIRA,

Plaintiff,

v.

CROWN ASSET MANAGEMENT, LLC and
FREDERIC I. WEINBERG & ASSOCIATES, P.C.,

Defendants.

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants, Crown Asset Management, LLC ("Crown") and The Law Offices of Frederic I. Weinberg & Associates, P.C. (the "Law Firm Defendant"), through counsel, and Plaintiff Isaac S. Ferreira, appearing *pro se*, jointly move under Fed. R. Civ. P. 26(c) for entry of the proposed Protective Order attached as Exhibit A.

**CERTIFICATION OF CONFERRAL**

Pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 7.1(a), undersigned counsel certifies the parties conferred regarding the proposed protective order. A draft was circulated on November 5, 2026, revised following conferral, and approved by all parties on November 12, 2026. No dispute remains concerning its terms.

## GOOD CAUSE FOR ENTRY OF THE ORDER

The operative Scheduling Order sets November 2, 2026 as the deadline to move for entry of a protective order. *See* Doc. 27 § 8(e). Due to an oversight by Defendants, and separately, the recent transition of counsel for the Law Firm Defendant, Defendants' initial draft was not circulated among the parties until November 5, 2026. The parties thereafter conferred and exchanged revisions and approved the current proposed version on November 12, 2026. The parties respectfully request that the Court excuse the delay and accept this joint motion out of time.[1]

Good cause exists for entry of a protective order in this matter. Discovery is expected to include the nonpublic personal and financial account information, proprietary collection and compliance materials, system and security information, and confidential client or customer information, as identified and described in paragraph 2 of Exhibit A. Unrestricted dissemination of account records could expose private financial information and personal identifiers of Plaintiff or nonparties. Disclosure of internal policies, certain insurance policy information, system configurations, workflows, or security measures could reveal proprietary operating methods or compromise security. Disclosure of client

[1] Rule 6(b)(1)(B) permits an extension after a deadline has expired upon a showing of good cause and excusable neglect. The equitable inquiry considers prejudice, the length and effect of the delay, the reason for the delay and whether it was within the movant's reasonable control, and good faith. *See Halik v. Brewer*, Civil Action No. 21-cv-00508-PAB-MDB, 2022 U.S. Dist. LEXIS 203526, *5 (D. Colo. 2022). The parties submit that the oversight and counsel transition described above, the brief delay, their good-faith exchange of revisions, and their joint request for the agreed order support excusable neglect, particularly where this motion is jointly requested by all parties and permitting the filing will not disadvantage any party.

agreements, pricing, placement information, or unrelated customer account information could harm confidential business relationships or expose nonparties' private information.

Fed. R. Civ. P. 26(c)(1) authorizes protection for good cause, including protection of confidential commercial information under Rule 26(c)(1)(G). The risks identified above establish good cause for reasonable restrictions on the use and dissemination of qualifying discovery material. Exhibit A protects both parties, permits disclosures needed to litigate this action, provides a procedure to challenge designations consistent with the Court's discovery dispute procedures, and places the burden of establishing good cause on the designating party. It also addresses the return or destruction of confidential material. Plaintiff joins in the request for entry of the proposed order. Nothing in this motion is a stipulation by any party that any particular document or category of documents qualifies for protection, and each party retains the right to challenge any designation under the procedures in the proposed order.

WHEREFORE, the parties respectfully request that the Court grant this Joint Motion and enter the Stipulated Protective Order attached as Exhibit A.

Dated: November 13, 2026

ISAAC S. FERREIRA

*/s/ Isaac S. Ferreira*
Isaac S. Ferreira
6050 Stetson Hills Blvd., Ste. 141
Colorado Springs, CO 80923
(302) 249-5019

Respectfully submitted,

SESSIONS, ISRAEL & SHARTLE, LLC

By:/s/ Jusitn H. Homes
Justin H. Homes, Esq.
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 828-3700

isaac.steven.ferreira@gmail.com
*Pro Se Plaintiff*

Facsimile: (504) 828-3737
Email: jhomes@sessions.legal

*Attorney for Defendant Crown Asset Management, LLC*

MESSER STRICKLER BURNETTE, LTD

By: /s/Lori Jean Quinn
Lori Jean Quinn, Esq.
49 W. Jericho Turnpike, #1004
Huntington, New York 11746
Tel : (646) 779-8653
Email : ljquinn@messerstrickler.com

*Attorneys for Defendant The Law Offices of Frederic I. Weinberg & Associates, P.C.*

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, a true copy of the foregoing document was served on Pro Se Plaintiff by electronic mail and all counsel of record by electronic service via ECF.

By:/s/ Justin H. Homes
Justin H. Homes, Esq.