**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 1:26-cv-02951-SKC-MDB

**ISAAC S. FERREIRA,**

Plaintiff,

v.

**CROWN ASSET MANAGEMENT, LLC and FREDERIC I. WEINBERG & ASSOCIATES, P.C.,**

Defendants.

PROTECTIVE ORDER

**WHEREAS**, documents and information have been and may be sought, produced, or exhibited by and among the Parties to this action relating to confidential commercial or financial documents, trade secrets, confidential research, development, technology, other proprietary information of any party or non-party, personal identifying, financial, account, or credit information, or other information that may cause harm to the producing party or a non-party.

**THEREFORE**, a Stipulated Protective Order protecting such confidential information shall be and hereby is made on the following terms:

1. This Stipulated Protective Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Stipulated Protective Order in accordance with the terms hereof.

2. Any party or non-party may designate as “confidential” (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, proprietary information, confidential business or financial information, or personal

identifying, financial, account, or credit information of any person, subject to protection under the Federal Rules of Civil Procedure and Local Rules of Practice of the United States District Court for the District of Colorado and federal or state law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. A party or non-party shall designate as Confidential only information that it has reviewed and believes in good faith qualifies for protection under Fed. R. Civ. P. 26(c); blanket or indiscriminate designations are not permitted. Information that is publicly available, or that has been filed without restriction in the public record of any court, shall not be designated Confidential. A non-party producing documents or information in this action, including in response to a subpoena, may designate them under this Order. A party may designate documents or information produced by another party or by a non-party by written notice to all parties within fourteen (14) days after receiving them. Documents or information exchanged before entry of this Order may be designated by written notice within fourteen (14) days after entry. Until those periods expire, such material shall be treated as Confidential.

3. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition. Additionally, a party or non-party may designate in writing, within seven (7) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described below, and each party and its

counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. In the event a party seeks to file Confidential Information with the Court, the party filing such papers must take appropriate action to ensure the Confidential Information receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the designating party; (b) where appropriate (e.g., in relation to discovery, evidentiary motions and at trial), submitting the document solely for in camera review by the fact finder; or (c) filing the Confidential Information as a restricted document in accordance with D.C.COLO.LCivR 7.2. A party filing another party's or a non-party's Confidential Information may file it under Level 1 restriction, and the designating party shall then file any motion to restrict within fourteen (14) days, as provided in D.C.COLO.LCivR 7.2(e). The party seeking to restrict a document filed with the Court bears the burden of establishing that the document should be restricted.

5. Except with the prior written consent of other Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a. The Court, its personnel, court reporters, and the jury at trial;

b. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder (including their partners, associates, legal assistants, regular clerical employees, and briefing clerks);

c. General Counsel or Senior Counsel for any party in this action and their employees who assist General Counsel or Senior Counsel who are assisting or have reason to know of this action.

d. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

e. Any third-party expert or consultant retained by counsel to assist in the preparation of its case who is not employed by, affiliated with, or associated with a party, or to testify at trial or any other proceeding in this case;

f. Any person testifying at a deposition, hearing or at trial, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Confidential Information. Witness shall not retain a copy of the documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, but shall not retain the exhibits following review of the transcripts;

g. Independent contractors such as commercial photocopying services, printers or vendors hired to process electronically stored documents;

h. Other witnesses or persons with the Designating Party's consent or by court order;

i. Stenographic reporters and videotape technicians engaged in depositions proceedings and their regularly employed staff;

j. Mediator appointed and/or selected in this case;

k. The parties, including Plaintiff, who is proceeding pro se, and the officers, directors, and employees of each Defendant who are assisting in this action;

l. Government agencies, regulators, and law enforcement officers, as permitted or required by applicable state or federal law; and

m. Any person to whom disclosure is otherwise required by law or by order of a court of competent jurisdiction, provided that the disclosing party gives the designating party prompt written notice so that it may seek protection.

6. No disclosure of Confidential Information to any person identified in Paragraph 5(d) through 5(g) shall be had until such person is provided a copy of, and becomes subject to, the provisions of this Stipulated Protective Order by executing a copy of the Declaration of Compliance attached to this Order as Exhibit A (which shall be retained by the party or counsel so disclosing the Confidential Information and made available for inspection and copying by opposing counsel during the pendency or after the termination of this action upon written request).

7. All persons receiving Confidential Information shall be advised of its confidential nature. All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing Confidential Information to any person except as provided herein and are further enjoined from using Confidential Information for any purpose other than the prosecution, defense, appeal, or settlement of this action and of any related action. "Related action" means Crown Asset Management, LLC v. Ferreira, No. 2026C37050 (El Paso County Court); any proceeding in the District Court for El Paso County, Colorado, or any other court, to which that action or any

claim in it is transferred, certified, or removed, or in which it is consolidated or refiled; any appeal or proceeding for review in any of them; and any other action between any of the parties to this action arising out of the account, the collection activity, or the court filings at issue in this action. A party that files Confidential Information in a related action shall first seek comparable protection under that court's rules, and Confidential Information used in a related action remains subject to this Order. No person receiving or reviewing Confidential Information shall disseminate or disclose it to any other person or for any purpose other than as specified herein.

8. A party may object to the designation of particular Confidential Information by giving written notice to the designating party. The written notice shall identify the information to which the objection is made and the basis for the objection. The parties shall meet and confer in good faith in accordance with D.C.COLO.LCivR 7.1(a) and D.C.COLO.MJ VI.2. If the parties cannot resolve the dispute within ten (10) business days after the notice is received, the parties shall jointly contact Chambers under the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as Confidential under this Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as Confidential. The party designating the information as Confidential bears the burden of establishing that good cause exists for the information to be treated as Confidential.

9. Notwithstanding any challenge to the designation of any material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a. the designating party withdraws the Protective designation in writing;

b. the designating party fails to timely pursue the procedure set forth in Paragraph 8; or

c. the Court determines the material is not confidential.

10. All provisions of this Stipulated Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, filings, correspondence, deposition transcripts and exhibits, and the work product of a party or its counsel (including a party proceeding pro se), shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and, upon specific written request by the disclosing party, certify in writing within thirty (30) days that the documents have been destroyed. Any Confidential Information retained under this paragraph remains subject to this Order.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent

disclosure of material protected by privilege or work product protection. This Order is entered under Fed. R. Evid. 502(d): the disclosure of privileged or work-product protected material in this action, whether inadvertent or otherwise, does not waive the privilege or protection in this action or in any other federal or state proceeding.

12. Nothing herein shall prevent a party from using at trial any materials designated as "confidential."

13. This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither this Stipulated Protective Order, nor the designation of any material as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this case. Nothing in this Stipulated Protective Order restricts a party's use or disclosure of its own documents or information, or of information obtained independently of discovery in this action.

14. Nothing in this Stipulated Protective Order authorizes a party to withhold, delay, or redact any document or information that is otherwise required to be disclosed or produced, including any insurance agreement required by Fed. R. Civ. P. 26(a)(1)(A)(iv). Information that qualifies for protection shall be produced subject to designation under this Order. Redactions are permitted only for privilege or work product, which shall be logged as required by Fed. R. Civ. P. 26(b)(5)(A), or for personal identifying information of persons other than the parties. A party producing an insurance agreement under Fed. R. Civ. P. 26(a)(1)(A)(iv) may also redact the premium amount, but shall not redact the declarations page, the identity of the

insurer and the insureds, the policy period, the limits of liability, or the coverage terms, exclusions, and endorsements; the agreement may be designated as Confidential under this Order. This Order does not determine whether a self-insured retention or deductible may be redacted from an insurance agreement produced under Fed. R. Civ. P. 26(a)(1)(A)(iv); that question is reserved, and each party retains its position and its rights under that Rule. A party withholding responsive material on the basis of an objection shall so state as required by Fed. R. Civ. P. 34(b)(2)(C).

15. The Court retains jurisdiction to enforce this Stipulated Protective Order after the conclusion of this action. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED this 17th day of November, 2026.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

**AGREED TO AND STIPULATED ON THIS 13 November 2026**

**BY:**

**ISAAC S. FERREIRA**
*/s/ Isaac Ferreira*
Isaac S. Ferreira
6050 Stetson Hills Blvd., Ste. 141
Colorado Springs, CO 80923
(302) 249-5019
isaac.steven.ferreira@gmail.com
*Pro Se Plaintiff*

**MESSER STRICKLER BURNETTE, LTD**

By: */S/ Lori Jean Quinn*
Lori Jean Quinn, Esq.
49 W. Jericho Turnpike, #1004
Huntington, New York 11746
Tel : (646) 779-8653
Email : ljquinn@messerstrickler.com

*Attorneys for Defendant The Law Offices of Frederic I. Weinberg & Associates, P.C.*

SESSIONS, ISRAEL & SHARTLE, LLC

By: */s/ Justin H. Homes*
Justin H. Homes, Esq.
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: jhomes@sessions.legal

*Attorney for Defendant Crown Asset Management, LLC*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 1:26-cv-02951-SKC-MDB

**ISAAC S. FERREIRA,**

Plaintiff,

v.

**CROWN ASSET MANAGEMENT, LLC and FREDERIC I. WEINBERG & ASSOCIATES, P.C.,**

Defendants.

**DECLARATION OF COMPLIANCE**

I, ________________________________________, declare as follows:

1. My address is ________________________________________________.
2. My present employer is ___________________________________________.
3. My present occupation or job description is ___________________________.
4. I have received a copy of the Stipulated Protective Order entered in this action on ________________, 2026.
5. I have carefully read and understand the provisions of this Stipulated Protective Order.
6. I will comply with all provisions of this Stipulated Protective Order.
7. I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents, or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver or destroy (in which case I shall provide a certificate of destruction to the requesting party) all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to the party or counsel from whom I received them.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____________, 2026 at _________________.

________________________________
QUALIFIED PERSON